[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-15238 & 15-10424
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00231-HES-JRK


DEBORAH PORTER CAHILL,

Plaintiff-Appellant,

versus

TARGET CORPORATION,
a Foreign Profit Corporation,

Defendant-Appellee.


_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 17, 2016)

Before HULL, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Following a jury trial in this case, plaintiff Deborah Cahill, proceeding pro se, appeals the district court's entry of final judgment in favor of defendant Target Corporation ("Target") after the jury found Target not liable in her negligence action.  On May 27, 2009, Cahill fell to the floor while inside a Target store, and her complaint alleged that Target's negligence proximately caused her injuries. Additionally, Cahill appeals the district court's December 18, 2014, order granting Target reasonable attorney's fees and costs.  The two appeals were consolidated by this Court.

As to her first appeal, Cahill's pro se brief is liberally construed to raise claims that the district court erred (1) by admitting into evidence deposition testimony by Dr. Paulo Monteiro, one of Cahill's treating physicians, in which Dr. Monteiro opined that certain surgeries Cahill received were not necessary to treat injuries that might have been caused by the fall; (2) by failing to order a new trial on the grounds that the jury's verdict was not supported by the evidence; (3) in its handling of a prospective juror who admitted to knowing Dr. Richard Boehme, another of Cahill's treating physicians, and expressing a view that Dr. Boehme was "pompous"; (4) in failing to remand the case to state court after Target removed it to federal court; (5) in excluding from evidence Dr. Boehme's opinion testimony that Cahill's injuries were caused by her fall at Target; (6) by failing to conduct

2

Daubert[1] hearings or apply Daubert standards with respect to Dr. Boehme's testimony; (7) by permitting Dr. Chaim Rogozinski to testify as an expert witness for Target; and (8) by setting deadlines for the disclosure of witnesses and expert witnesses in the pre-trial Case Management Report.[2] Cahill also claims that Target's excess liability insurer was required to pay her injury claims under a strict vicarious liability theory.

Because this was a jury trial and Cahill had only minor portions of the record transcribed, this Court is unable to review many of her claims. See Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that this Court must affirm the district court when an appellant, pro se or otherwise, fails to provide the record evidence that would enable this Court to review challenges to evidentiary rulings or the sufficiency of the evidence).

To the extent there is arguably a sufficient record to allow review of some of Cahill's claims, we conclude that all such issues raised lack merit, and we hereby affirm the final judgment of the district court in favor of defendant Target.

---

[1]Daubert v. Merrell Dow Pharm., 509 U.S. 579, 113 S. Ct. 2786 (1993).

[2]This Court previously denied Cahill's motion requesting this Court to consider additional arguments and issues raised in a document entitled "Appendix Volume 13." Cahill did not submit a Reply Brief. Accordingly, we only consider arguments and issues raised in Cahill's October 22, 2015 brief.

As to Cahill's second appeal, because Cahill failed to raise any arguments or otherwise address in her brief the district court's December 18, 2014, order granting reasonable attorney's fees and costs to Target, she has abandoned her challenge to this order.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

**AFFIRMED**.